**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4553**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSE GARDUNO-CASIANO,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  J. Michelle Childs, District Judge.  (7:17-cr-00847-JMC-1)

Submitted:  April 4, 2019                         Decided:  April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Barlow Loggins, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Garduno-Casiano pleaded guilty to possession of a firearm and ammunition by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2), 924(e) (2012). He received an 87-month sentence. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court adequately explained its sentence. Garduno-Casiano filed a pro se supplemental brief alleging ineffective assistance of counsel and challenging his sentence. The Government declined to file a response. We affirm.

We review Garduno-Casiano's sentence for reasonableness using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012).

2

The district court heard argument from the parties, afforded Garduno-Casiano an opportunity to allocute, and imposed a sentence of 87 months—at the bottom of the Sentencing Guidelines range. The court stated that it considered the § 3553(a) factors, as recited by the Government, and rendered an individualized assessment in this case. The court stated that the sentence was sufficiently severe, but not greater than necessary, to punish the offense and achieve the considerations of the sentencing goals. We conclude that Garduno-Casiano has not rebutted the presumption of reasonableness and that the court did not abuse its discretion in imposing the chosen sentence.

In his pro se supplemental brief, Garduno-Casiano raised whether he received ineffective assistance of counsel by alleging that counsel inadequately investigated his innocence and failed to argue that the cash recovered during a traffic stop of Garduno-Casiano's vehicle had lawful origins. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. *Massaro v. United States*, 538 U.S. 1690, 1693-94 (2003); *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Garduno-Casiano's counsel argued that at least $6,000 of the cash recovered from the car was lawfully earned wages for a construction job. Garduno-Casiano did not point to what evidence counsel may have found to establish his innocence. We find that the record does not conclusively establish ineffective assistance of counsel.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Garduno-Casiano's

3

conviction and sentence. This court requires that counsel inform Garduno-Casiano, in writing, of the right to petition the Supreme Court of the United States for further review. If Garduno-Casiano requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Garduno-Casiano. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*